IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | Case No. 3:24-cr-00194 |
| v. | ) | |
| PARDRAE GOOCH | ) | |

**MOTION FOR A DETENTION HEARING
AND FOR DETENTION OF THE DEFENDANT**

The United States of America, by and through Thomas J. Jaworski, the Acting United States Attorney for the Middle District of Tennessee, and Kathryn D. Risinger and Emily E. Petro, Assistant United States Attorneys, respectfully files this memorandum in support of pre-trial detention for Pardrae Gooch ("Gooch" or "the defendant") and advises the Court that at his Initial Appearance in the above-referenced case, the United States will move for pre-trial detention of the defendant pursuant to Title 18, United States Code, Section 3142(f)(1)(A) and (E) because he constitutes a danger to the community. The Government moves for a continuance of three business days to hold a detention hearing. In support thereof, the Government would show the following:

**REQUEST FOR DETENTION**

A. **Legal Basis for Detention:**

Pursuant to Title 18, United States Code, Section 3142(f)(1)(A) and (E), the Court shall hold a hearing to determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant or the safety of the community upon a motion by the Government in a case that involves "(A) a crime of violence . . . for which a maximum term of imprisonment of 10 years or more is prescribed, or (E) any felony that is not otherwise a crime of violence . . . that involves the possession or use of a firearm or destructive device . . . or any other

dangerous weapon." The defendant is charged with the following offenses: Count One – Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a); Count Two – Using Fire to Commit Another Felony, in violation of 18 U.S.C. § 844(h); and Count Three – Arson, in violation of 18 U.S.C. § 844(i). (*See* D.E. 1.) Hobbs Act Robbery and Arson are both considered crimes of violence under 18 U.S.C. § 3156(a)(4). *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017) ("Hobbs Act robbery is categorically a crime of violence under § 924(c)."); *United States v. Cody*, 2005 WL 3115407, at *1-2 (E.D. Tenn. Nov. 21, 2005) (finding Hobbs Act Robbery is a crime of violence under 18 U.S.C. § 3142(f)(1)(A) and § 3156(a)(4); *United States v. Shaker*, 665 F. Supp. 698, 702 n. 4 (N.D. Ind. 1987) (finding Arson qualifies as a crime of violence under 18 U.S.C. § 3142(f)(1)(A) and 3156 (a)(4)).

A defendant may be detained pending trial if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the Court shall consider: (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b); *United States v. Stone*, 608 F.3d 939, 945 (2010).[1]

---

[1] And, while not alleged as a basis here, when "risk of flight" serves as the basis for detention, the Government must only satisfy a preponderance of the evidence standard. *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Chimurenga*, 760 F.2d 400, 405-06 (2d Cir. 1985); *United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985);

### B. Factual Basis for Detention:

On or about May 29, 2024, the defendant entered S. Fashion Clothing Store in South Nashville and brutally assaulted Victim 1, the lone female employee, to the point where she lost consciousness. More specifically, the defendant grabbed her by the neck from behind and put her in a chokehold using his left arm. He then began hitting her in the head with his right hand while he pushed her into a bathroom in the back of the store. Once in the bathroom, the defendant struggled with Victim 1 over her cell phone, hitting her again. This caused Victim 1 to fall to the floor, hit her head, and lose consciousness. The defendant then stole her phone and car keys and fled in her vehicle. Before leaving the store, the defendant lit a pile of clothes in the bathroom on fire, attempting to burn the store down with the unconscious victim trapped inside.

Dispatch received 911 calls related to the robbery and the fire and first responders were dispatched to the scene at S. Fashion Clothing Store. Upon arrival, officers from the Metropolitan Nashville Police Department ("MNPD") and firemen from the Nashville Fire Department ("NFD") located Victim 1 who had visible facial injuries and blood coming from her ear. NFD EMS transported Victim 1 to Vanderbilt University Medical Center where she was diagnosed with a cranial fracture and other injuries. Victim 1 also suffered a black eye and bruising to her face, chin, and torso.

The NFD successfully extinguished the fire, but the store remained closed for multiple days due to the damage caused to the building and the store's property.

### C. Request for Detention:

The Government submits that following any hearing in this case, the factors to be considered by this Court – (1) the nature and circumstances of the offense charged, including

---

*United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence of dangerousness against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release – weigh in favor of the Government and the Government will have presented, by clear and convincing evidence, that the defendant poses a danger to the community that cannot be mitigated by the Court's imposition of conditions or combination of conditions of release. 18 U.S.C. § 3142(g).

Specifically, the Government expects that the evidence, as outlined above, will establish the serious and violent nature of this hands-on offense. The proof will further show that the incident was an unprovoked attack, and that Victim 1 did not know the defendant. With respect to the second § 3142(g) factor, there is strong evidence establishing the defendant's dangerousness – in addition to evidence collected from the store (such as surveillance video) and through interviews, the defendant identified himself in the store surveillance video from May 29, 2024. In a post-*Miranda* statement, the defendant acknowledged that Victim 1 was in the back of the store yelling for help, but he gave an alternative version of events painting himself as a bystander/savior during the incident. The defendant's narrative was inconsistent with the evidence recovered during the investigation. Regarding the third factor, the defendant was on pretrial release in Davidson County, Tennessee, for Aggravated Assault by Strangulation (involving a different victim) at the time of the conduct in the instant case. *See* Davidson County Criminal Court Case No. 2024-B-1024. Finally, for the reasons described herein, the defendant's release would pose a significant safety risk to the community, as the danger of further violent conduct is high.

## **CONCLUSION**

The Government respectfully requests that the Court hold a detention hearing in the above-

4

Case 3:24-cr-00194    Document 4    Filed 11/07/24    Page 4 of 5 PageID #: 10

referenced cases, and following any such hearing, detain the defendant pending trial.

        Respectfully submitted,

        THOMAS J. JAWORSKI
        Acting United States Attorney
        Middle District of Tennessee

By:   /s/ Kathryn Risinger
        KATHRYN D. RISINGER
        EMILY E. PETRO
        Assistant United States Attorneys
        719 Church Street, Suite 3300
        Nashville, Tennessee 37203
        Phone: 6l5-736-5l5l

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 7, 2024, I electronically filed one copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a Notice of Electronic Filing to counsel for defendant in this case.

        /s/ Kathryn Risinger
        KATHRYN RISINGER
        Assistant United States Attorney

5

Case 3:24-cr-00194   Document 4   Filed 11/07/24   Page 5 of 5 PageID #: 11